Complainant brings this suit to restrain defendant, Herbert Gold, from using the trade name "Waldorf" in connection with a key and bicycle business. Complainant and defendant are both using this name in two stores, each almost directly across the street from one another, and each claims the right to use it. There is much conflict of testimony as to the facts, the history of the use of the name "Waldorf," and of the transactions which have ended in the claim of the right to exclusive ownership by both parties, which is by no means clear. It does appear certain, however, that originally the key and bicycle business was established with the use of the name "Waldorf" by Abraham Gold, the father of defendant. After years of operation he took in his son, the defendant, Herbert Gold, as an employee. Complainant married the daughter of Goldie Gold, the second wife of Abraham *Page 533 
Gold, and in the year 1938, after being engaged in the laundry business in New York, came to Paterson and became active, in some capacity, in the key and bicycle business then being operated under the name of "Waldorf." Almost every other fact in connection with the ownership and conduct of the business after complainant came to Paterson is disputed.
Complainant contends that in 1938 he bought the business from Goldie Gold, first as a half-partner with her and later by the purchase of her entire interest, for which she gave him a bill of sale. It is conceded that she executed the bill of sale, but she testified that she was not the real owner of the business, which belonged to her husband, and that her claim of ownership and the execution of the bill of sale to complainant was wholly fictitious and was part of a plan to protect her husband from his creditors, and that she never received any payment from complainant for the alleged purchase.
Defendant testified that about the time that complainant came into the business, his father, Abraham Gold, was old and feeble and that he, the defendant, was actually running the business with his father's consent. He further testified that in 1938 complainant, who had been working for defendant's father, Abraham Gold, changed the locks on the door of the store and barred defendant and his father therefrom. This, he said, was in the course of and in connection with a family squabble between Abraham Gold and his wife, who were separated at that time, but who subsequently became reconciled. Defendant then, he testified, opened a key and bicycle business across the street, using as part of the name the designation "Waldorf," with the knowledge and consent of his father who had been using the name for a generation. On this new store there appeared the name of the father under the designation of "Pop Gold, Mgr." Defendant, therefore, claims a continual chain of right to use the name "Waldorf," since the business was first organized by the father with the use of that name.
Complainant has wholly failed to satisfy the court as to his right to the name. His testimony is thoroughly unconvincing and lacks the elements of necessary corroboration. *Page 534 
He concedes that Goldie Gold never actually participated in the conduct of the business he claims he bought from her, and he also admits that defendant and his father did work in the store. His statement of the circumstances of the alleged payment to Goldie Gold for the business, and his story as to the proceeds of the alleged payment, are not worthy of belief. His testimony is full of contradictions and improbabilities. As a result, complainant has failed to meet the measure of proof required in cases in which an injunction is sought.
In the recent case of Van Name v. Federal Deposit InsuranceCorp., 130 N.J. Eq. 433 (at p. 444), the rule was laid down as follows:
"The remedy by injunction is an extraordinary one and may not be awarded to any suitor unless and until his right to it is established by clear and convincing testimony, free of all reasonable doubts. If complainant's asserted right is doubtful or disputed, equity will move cautiously before determining to grant him a remedy by injunction." (Citing numerous cases).
As to defendant's counter-claim, the evidence shows that the name "Waldorf," in connection with the bicycle and key business, had been for many years conducted by defendant's father, and was so far associated with his name that he was sometimes known as "Mr. Waldorf." His son, the defendant, became actively associated with him, and later the complainant himself entered the business, apparently as an employee. After the trouble with complainant he seems to have physically ousted Abe Gold, the father. Defendant, with the consent of the father, reopened the business under the name "Waldorf" and engaged the father, who had recently been in financial difficulty, as manager. In my opinion, these facts show a clear and connected chain of right to the use of the name "Waldorf" in connection with a bicycle and key business into the hands of defendant, while complainant never acquired the right to the use of the name.
Accordingly, a decree will be advised dismissing the bill and granting to defendant an injunction against complainant restraining the use by him of the name "Waldorf" in connection with a bicycle and key business. *Page 535